OPINION
{¶ 1} Defendant-appellant Trenton Mathews ("Mathews") brings this appeal from the judgment of the Court of Common Pleas of Logan County finding him guilty of felonious assault.
 {¶ 2} On January 1, 2002, Mathews was involved in an altercation at an apartment complex in Bellefontaine. Mathews and his girlfriend went to another apartment in which a party was in progress to request that the hosts lower the noise. An argument then followed. During the course of the argument, a fight started. Mathews then swung a broken beer bottle and cut the victim on the chin. On February 12, 2002, Mathews was indicted on one count of felonious assault. A jury trial was held on May 14, 2002. The trial court instructed the jury only on the felonious assault charge. At the conclusion of the trial, Mathews was found guilty of felonious assault. He was subsequently sentenced to six years in prison. From this conviction, Mathews raises the following assignment of error.
 {¶ 3} "[Mathews] was denied effective assistance of counsel at his trial by the acts or omissions of his attorney, in violation of the Sixth
and Fourteenth Amendments to the United States Constitution and ArticleI, Section 10, of the Ohio Constitution because the attorney failed to proffer, or object to the exclusion of, a self-defense jury instruction, which was essential to [Mathews'] case."
 {¶ 4} "Reversal of convictions on ineffective assistance requires the defendant to show `first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano (2002),96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, at ¶ 105 (citingStrickland v. Washington [1984], 466 U.S. 668, 669, 104 S.Ct. 2052,80 L.Ed.2d 674). Upon review, an appellate court must make a strong presumption that counsel's conduct was within the acceptable range of reasonable professional assistance. Id. at ¶ 108. One claiming that their counsel is ineffective must show that there was a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id.
 {¶ 5} In this case, Mathews claims that his counsel based the entire case upon the theory that Mathews had acted in self-defense. Counsel then erred by failing to either request a jury instruction on self-defense or to object to the absence of such an instruction. During the trial, the state presented the testimony of four witnesses. All of these witnesses testified that Mathews had come upstairs and threatened to stab the victim's fiance with a broken beer bottle. They also testified that Mathews attempted to strike the victim's fiance and hit the victim instead. The victim then hit Mathews in the face with his fist and a fight ensued.
 {¶ 6} Mathews presented the testimony of his girlfriend and himself. His girlfriend testified that the victim and Mathews were arguing in the hallway. However, she did not see who had been the initial aggressor as she had already started down the stairs to her apartment when the fight started. Mathews testified that he heard the victim yelling at his girlfriend and he went up to confront the victim. The two proceeded to argue. Mathews then testified that the victim hit him and he "just started swinging." Tr. 166. He admitted that he had a beer bottle with him when he went upstairs, but denied that he broke it. He claimed that it was broken in the scuffle.
 {¶ 7} Requested jury instructions should ordinarily be given if they are correct statements of law, that are applicable to the facts in the case, and reasonable minds might reach the conclusion sought by the specific instruction. Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 575 N.E.2d 828. To support an instruction on self-defense, the defendant must prove "(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." Cassano, supra at ¶ 72. The evidence must show each of these elements for the instruction to be given.
 {¶ 8} Here, the evidence of all parties was that Mathews willingly entered into the argument. He did not have to go up the stairs to argue with the victim. Second, Mathews testified that he was afraid he was going to get trapped between two people. He never testified that he was afraid for his life or that he could not have just left the hallway. Finally, the testimony indicates that the situation could have been avoided if Mathews had either not gone up to the other apartment or if he would have just left and returned to his own apartment. Everyone, including Mathews testified that when he did attempt to leave, the others allowed him to do so and did not follow him. The testimony indicates that although Mathews may have been provoked, he was not acting in self-defense when he struck the victim. The evidence would not have supported the giving of a self-defense instruction. Since the evidence did not support the instruction, trial counsel was not ineffective in failing to request the instruction. Therefore, the assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Logan County is affirmed.
Judgment affirmed.
 SHAW, P.J. and WALTERS, J., concur.